620

BANK OF HUNTINGTON AND TRUST COMPANY and Others, as Executors, etc., of WILLARD N. BAYLIS, Deceased, and KATE Y. BAYLIS, Appellants, v. NEW YORK WATER SERVICE CORPORATION, Respondent.— The plaintiffs sued for money damages for breach of a written contract. In this contract the plaintiffs' testator conveyed to the defendant a private water system on his tract of land or " development " containing streets and houses occupied by purchasers; and defendant agreed (¶ 7) to begin immediate construction of the supply main leading from its water system to that it had so acquired, and to furnish water service in accordance with the agreement along all the streets, roads and drives in this part of the development. Another paragraph (8) provided that future extensions were to be made yearly to a limited extent provided the owner guaranteed a profitable revenue. The defendant connected its system with that of the owner by laying about 350 feet of pipe. It did not lay other pipes so as to furnish water service on all streets. It received as consideration property said to have value of upwards of $4,000, besides other beneficial advantage. There was apparent conflict between the provisions of paragraphs 7 and 8. The counsel for the respective parties interpreted the contract differently. While the trial was in progress the trial justice read the contract and held that there was no ambiguity therein, adopted the construction taken by defendant, and dismissed the complaint. This action was too precipitate. The plaintiffs had no opportunity to develop their proof. The language of the contract is not entirely clear, and light might have been shed upon it by proof of the surrounding circumstances indicating the intent in the minds of the parties at the time the contract was made. (Mullen v. Washburn, 224 N. Y. 413; Trustees of Southampton v. Jessup, 173 id. 84, 89; Utica City Nat. Bank v. Gunn, 222 id. 204; Becker v. Frasse & Co., 255 id. 10.) Under the circumstances, the record is incomplete and unsatisfactory. It does appear, somewhat indefinitely, that after the execution of the contract the defendant did construct about 1,000 feet of pipe in the development without requiring a guaranty, but thereafter refused to make any further construction. This may indicate a practical construction of the contract by the parties (Carthage T. P. Mills v. Vil. of Carthage, 200 N. Y. 1; Brainard v. N. Y. C. R. R. Co., 242 id. 125, 133); but on this record no positive conclusion can be reached. There should be a new trial in which the proof may be presented by all the parties in an orderly manner. Judgment reversed on the law and a new trial granted, with costs to the appellants to abide the event. In view of this decision the appeal from the order denying appellants' motion to resettle and amend the judgment is dismissed. Carswell, Davis, Johnston and Adel, JJ., concur; Lazansky, P. J., concurs in result. In my opinion there is no conflict between paragraphs 7 and 8. Defendant is liable for its failure to furnish water along all the streets, roads and drives in the northern section. There has been a practical construction of this view by the parties.

FRANK BELLO, as Administrator, etc., of MADELINE BELLO, Deceased, Respondent, v. BROOKLYN AND QUEENS TRANSIT CORPORATION, Appellant.— In an action to recover damages for the death of plaintiff's intestate, who died as a result of injuries sustained by being struck by an automobile, judgment and order reversed on the law and the facts and a new trial granted, costs to abide the event, on the ground that the determination of the jury is against the weight of the evidence as to the negligence of the defendant. Lazansky, P. J., Johnston and Adel, JJ., concur; Carswell and Davis, JJ., dissent and vote to affirm.